IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMAAL ALI BILAL**
 f/k/a/ John L. Burton,
    Petitioner,

vs.                                     Case No. 3:06cv224/LAC/MD

**LUCY HADI, Secretary,**
 Florida Department of Children and Families,
    Respondent.

___

## ORDER

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The appropriate number of service copies have been filed with the court, and the filing fee has been paid. Although it appears that the issue raised in the instant petition may be moot,[1] the respondent will be required to file <u>an answer or appropriate motion</u> so the court may determine whether an evidentiary hearing is required or, if not required, may dispose of the petition as justice requires. Rules 4 and 8(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

The answer shall be filed pursuant to Rule 5 of the Rules Governing Section 2254 Cases and shall be styled as an answer rather than as a motion to dismiss or for summary judgment, unless evidence outside the state court record is submitted, *McBride v. Sharpe*, 25 F.3d 962, 970 (11th Cir. 1994), or <u>unless it appears to the respondent that a motion to dismiss based on a jurisdictional defect such as mootness, or a procedural defect such as failure to exhaust or the statute of</u>

---

[1] *See Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982); *see also, e.g., Johnson v. Glover*, 2006 WL 1008986 (M.D. Ala. Apr. 18, 2006) (No. 1:04-CV-413-WKWWO), *mot. for relief from j. denied*, 2006 WL 1669670 (M.D. Ala. Jun 14, 2006).

**limitations is appropriate**.  If it appears to respondent that a motion to dismiss is appropriate, she may file the appropriate motion and await a ruling before filing an answer on the merits.

Alternatively, respondent may proceed directly to the merits.  *See* 28 U.S.C. § 2254 (b)(2) (the application may be denied on the merits notwithstanding the failure to exhaust state remedies) and § 2254(b)(3) (the exhaustion requirement is not deemed to be waived unless expressly waived by counsel for the state), *as amended* April 24, 1996.  The answer shall be filed within sixty (60) days from the date this order is docketed.  Thereafter, petitioner will be given the opportunity to file a reply.

Upon receipt of the answer and the petitioner's reply, the court will review the file to determine whether an evidentiary hearing is required.  An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court.  If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases.

Accordingly, it is ORDERED:

1.  The Clerk is directed to furnish copies of the petition (to include any attachments to said petition) along with a copy of this order to respondent and the Attorney General of the State of Florida.

2.  Respondent shall have sixty (60) days from the date this order is entered on the docket in which to file an answer or motion to dismiss as directed by this order.

DONE AND ORDERED this 14th day of July, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE