IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMAAL ALI BILAL**
 f/k/a/ John L. Burton,
    Petitioner,

vs.                                              Case No. 3:06cv224/LAC/MD

**LUCY HADI, Secretary,**
 Florida Department of Children and Families,
    Respondent.

___

ORDER and
REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition for lack of subject matter jurisdiction and, alternatively, because it is time-barred. (Doc. 12). Petitioner has responded by filing a traverse. (Doc. 14). In addition, petitioner has filed a motion to compel respondent to produce certain state court transcripts. (Doc. 15). Respondent opposes the motion. (Doc. 18). Upon review of the pleadings and attachments before the court, the undersigned concludes that the petition should be dismissed for lack of subject matter jurisdiction.

In this habeas action, petitioner does not identify a judgment of conviction he is challenging; rather, he states he is challenging pretrial bail imposed by the Circuit Court of Escambia County, Florida in misdemeanor case number 95-18882. (Doc. 1, p. 1). His petition raises one claim: "Excessive Bail in case 95-18882MM 2nd degree misdemeanor harassing phone call." (*Id.,* p. 4). In support of his claim petitioner asserts that "an order setting his bail at $100,000 was a violation of his Eighth Amendment right to non-excessive bail, which in conjunction with an illegal arrest exacerbated his jail detainment conditions and served as a conduit to the charges

that parlayed into the basis of [his] present confinement." (*Id.*). As relief, petitioner seeks immediate release and "expunge[ment] [of] all the judgment of convictions against petitioner for the offenses of harassing phone call from the Escambia County Circuit Court from May 26, 1995 is vacated and the record of conviction shall be expunged." (Doc. 1, p. 6; doc. 14, p. 24).[1]

## BACKGROUND AND PROCEDURAL HISTORY

In late May of 1995 petitioner was arrested and charged in the Circuit Court of Escambia County, Florida, case number 95-18882MM, with two counts of making harassing telephone calls. (Doc. 12, ex. B). Bail was set. Petitioner's subsequent requests for reduction of bail were denied. His "appeal" of that ruling was unsuccessful.[2] (*Id.*, ex. A). Petitioner's first trial was held on March 7, 1996, but the jury returned deadlocked and the court declared a mistrial. (*Id.*, ex. B). Petitioner filed a motion for judgment of acquittal as to both counts. The motion for JOA was granted as to count 2, and taken under advisement as to count 1. (*Id.*). Bond was reset at $7,500, and trial was reset for May 6, 1996. (*Id.*). On May 6, 1996 the trial court denied the motion for JOA as to count 1. Petitioner pleaded no contest to count 1 as charged. Adjudication of guilt was withheld. (*Id.*).[3]

Petitioner is presently confined at the Florida Civil Commitment Center pursuant to his 2001 civil commitment under the Jimmy Ryce Act entered in the Escambia County Circuit Court in case number 99-1507-CA.

---

[1] In a footnote in his traverse, petitioner also "make[s] the argument that his battery on a LEO charge, case no. 95-5427, and grand theft auto, case no. 89-4856 charges should be also expunged because these were the crimes that petitioner was in total confin[e]ment for connected to the harassing phone call charges and bail given in this case." (Doc. 14, p. 24 at n. 6).

[2] The trial court's denial of petitioner's request for reduction of bail was held non-appealable as of right, treated as a petition for writ of certiorari, and dismissed. (Doc. 12, ex. A).

[3] On the petition form, petitioner represents his plea as "not guilty." (Doc. 1, p. 1). In his traverse, he states that he pleaded no contest with adjudication of guilt withheld. (Doc. 14, p. 22 n. 5).

## DISCUSSION

Respondent seeks dismissal of the petition for lack of subject matter jurisdiction, arguing that petitioner was not "in custody" on the harassing telephone call charge at the time he filed his petition. In the alternative, she seeks dismissal on the grounds that: (1) the petition is barred by principles of res judicata, (2) it is an unauthorized second or successive petition, and (3) the petition is time-barred. (Doc. 12). Although this court noted in its service order that the petition appeared to be moot, respondent has not addressed that issue. Petitioner addressed it in his traverse. Regardless of whether the parties addressed it, this court may raise it sua sponte. *Medberry v. Crosby*, 351 F.3d 1049, 1053-54 and n. 3 (11th Cir. 2003) (raising mootness issue sua sponte and remanding to the district court with instructions to dismiss habeas petition as moot, noting "'Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties.'" (quoting *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980))).

Mootness is a jurisdictional question because the court "is not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920) (internal quotations omitted); *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants before them."). This principle is derived from the requirement of Article III of the Constitution that judicial power may only be exercised upon the existence of a "case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705-06, 40 L.Ed.2d 164 (1971) (per curiam); *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3, 84 S.Ct. 391, 394 n.3, 11 L.Ed.2d 347 (1964). "Moot questions require no answer." *Missouri, Kansas & Texas R. Co. v. Ferris*, 179 U.S. 602, 606, 21 S.Ct. 231, 233, 45 L.Ed. 337 (1900). "In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (internal quotations omitted).

Courts have held that a claim concerning pretrial bail becomes moot upon a defendant's plea or conviction. See *Murphy v. Hunt*, 455 U.S. at 481-82, 102 S.Ct. 1181, 1183 (holding that claim to pretrial bail was rendered moot by conviction); *see, e.g., United States v. Vachon*, 869 F.2d 653, 656 (1st Cir. 1989) (same); *United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985) (per curiam) (observing that after the defendant's conviction, "[n]either pretrial detention nor release on pretrial bail may now be ordered"); *United States v. Buckbee*, 3 Fed.Appx. 563 (7th Cir. 2001) (unpublished opinion) ("Any claim to pretrial release became moot once [the defendant] pleaded guilty."); *United States v. Taylor*, 814 F.2d 172, 174 (5th Cir. 1987) (holding that the following claims were rendered moot by guilty plea: claims that the prosecution breached a pretrial agreement or acted vindictively, that the defendant was not promptly taken before a United States Magistrate, that the court did not rule on pretrial motions, and that the defendant's pretrial detention was illegal); *Johnson v. Glover*, 2006 WL 1008986 (M.D. Fla. 2006) (dismissing § 2254 petition as moot where petitioner sought a reduction in the pretrial bail amount set on a second degree assault charge, concluding: "It is clear that Johnson's claim regarding pretrial bail became moot upon either his conviction of the underlying offense and/or his transfer to state custody for service of sentences imposed for various felony convictions) *see also, e.g., Hernandez v. Brooks*, 176 F.3d 488 (10th Cir. 1999) (Table, text in WestLaw) (concluding that a habeas petitioner's claim for release pending his parole revocation hearing became moot once the revocation hearing was held).

Relying on *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), petitioner argues that his case is not moot because "there are serious collateral consequences attached in this case, because petitioner, technically speaking, has never been released from prison following the arrest had in case no. 95-18882, which was exacerbated by the $100,000 bail imposed for that case." (Doc. 14, p. 23). He

elaborates that had excessive bail not been set, he would not have been in jail and, therefore would not have been "engaged . . . into a fist fight" with two "jailers," and therefore, would not have been convicted of two counts of battery on a law enforcement officer in Escambia County Case No. 95-5427 and required to serve 43 month in prison and, therefore, would not have been in custody or detained at the time the State decided to commence the Ryce Act proceeding against him. (Doc. 14).

Discussing mootness in the context of habeas corpus proceedings, the Court in *Spencer* explained:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some "collateral consequence" of the conviction--must exist if the suit is to be maintained.

*Spencer v. Kemna*, 523 U.S. at 7, 118 S.Ct. at 983. Noting its willingness to presume the existence of collateral consequences where a petitioner attacks his criminal conviction and is released during the pendency of the habeas proceeding, the Supreme Court in *Spencer* declined to extend that presumption to the area of parole revocation where the released habeas petitioner did not attack his underlying conviction, only the termination of his parole status. *Id.*, 523 U.S. at 8, 118 S.Ct. at 983. The Court held that subsistence of the suit required the petitioner to prove collateral consequences of the parole revocation.

Because petitioner has already entered a no contest plea to the misdemeanor charge, the question of his release pending trial on that charge is no longer live. Even a favorable decision on the question (one holding that petitioner was unconstitutionally denied bail prior to trial) would not entitle him to bail, much less expungement of his various convictions and immediate release from his present civil

confinement. For the same reason, petitioner no longer has a legally cognizable interest in the result of this case. Petitioner's strained argument to the contrary relies on very tenuous leaps of logic and has no arguable basis in law, fact or sound reasoning. (*see* doc. 1, p. 4; doc. 14, pp. 14, 16-17, 18, 22 and n. 5, 24 and n. 6).

The Supreme Court has recognized an exception to the general rule in cases that are "capable of repetition, yet evading review." *Murphy*, 455 U.S. at 482, 102 S.Ct. 1183. In *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) ( per curiam ), the Court said that "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." The Supreme Court has cautioned, however:

> Th[is] Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in *Weinstein*. If this were true, virtually any matter of short duration would be reviewable. Rather, we have said that there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Weinstein v. Bradford, supra*, at 149, 96 S.Ct., at 348.

*Murphy*, 455 U.S. at 482. In this case, there is no reason to believe that petitioner will once again be in a position to demand bail before trial on the harassing telephone call charge.[4] Accordingly, the undersigned concludes that petitioner's claim concerning pretrial bail became moot upon entry of his no contest plea. The case now presented was moot when filed.

---

[4] For purposes of assessing the likelihood that state authorities will reinflict a given injury, the United States Supreme Court has generally been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him at risk of that injury. *See Murphy v. Hunt*, 455 U.S. at 484 (concluding there was no reason to believe that party challenging denial of pretrial bail "will once again be in a position to demand bail"); *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (concluding it was unlikely that parties challenging discriminatory bond-setting, sentencing, and jury-fee practices would again violate valid criminal laws).

*Case No: 3:06cv224/LAC/MD*

In an abundance of caution, the court will also construe the petition as challenging the validity of petitioner's no contest plea to the harassing telephone call charge in light of the allegedly unconstitutional bail. So construed, this court lacks subject matter jurisdiction over that challenge, because petitioner is not "in custody" on that misdemeanor. A district court's jurisdiction to grant a writ of habeas corpus is limited: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution. . . ." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this statutory language to require, "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). In *Maleng*, the Supreme Court held that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has <u>fully expired</u> at the time the petition is filed." 490 U.S. at 491. Moreover, the Court announced, a habeas petitioner does not remain in custody after a sentence has fully expired merely because the prior conviction will be used to enhance a sentence imposed for subsequent crimes for which petitioner may be convicted. *Id.* at 492.

In the instant case, neither party asserts that any sentence or term of probation was imposed as a result of petitioner's plea. Although in Florida second degree misdemeanors carry a maximum sentence of 60 days, Fla. Stat. § 775.082(4)(b) (1995 & 2005), there is nothing in the record indicating that a jail term was imposed. (*See* doc. 12, ex. B). Further, although Florida law provides that adjudication of guilt may be withheld only if the defendant is placed on probation, Fla.R.Crim.P. 3.670; *Cella v. State*, 831 So.2d 716, 719 at n. 3 (Fla. 5th Dist. Ct. App.); *State v. Gloster*, 703 So.2d 1174 (Fla. 1st Dist. Ct. App.), nothing in the record indicates petitioner received a term of probation. Based on the record before this

court, and the lack of any allegations or evidence suggesting that petitioner received a jail sentence, probation or any other restraint on his liberty as a result of his no contest plea, the court must conclude that upon entry of his plea on May 6, 1996, petitioner was no longer "in custody" on the harassing telephone call charge.[5]  He was therefore not "in custody" on that misdemeanor at the time he filed the instant petition.

Relying on *Brock v. Weston*, 31 F.3d 887 (9th Cir. 1994), petitioner argues that he meets the "in custody" requirement because "[he] remains in civil detention for the Escambia County Court $100,000 bail and resulting harassing phone call convictions. . . ." (Doc. 14, p. 20).  This court previously considered and rejected this argument in a prior § 2254 petition filed in this court.

The court takes judicial notice of its own records in *Bilal v. Regier*, Case Number 3:02cv362/LAC/MD.  There, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his civil commitment.  In Ground 19, he attempted to challenge his harassing telephone call "conviction"[6] entered in case number 95-18882 on the grounds that his arrest "was unconstitutional to the extent harassing phone call statute does not apply to the ordinary course of business." (*See Bilal v. Regier*, Case Number 3:02cv362/LAC/MD, doc. 100, p. 40).  Petitioner conceded that he was no longer "in custody" on that offense; however, he argued that federal habeas review was still available to him because the harassing telephone call arrest and "conviction" was the conduit or "nexus" to his present civil commitment as a sexually violent predator. (*Id.*).  His logic was that had he not been arrested and jailed on the harassing telephone call charge, he would not have committed the

---

[5] The reason petitioner was not discharged on that date was because he was being held on other charges, including his October 26, 1995 batteries on law enforcement officers. (*See* doc. 14, pp. 13, 17; *see also* www.clerk.co.escambia.fl.us, Case Number 95-005427-CF).  Petitioner also indicates that he was being held on a probation violation in a grand theft auto case. (Doc. 14, p. 13 n. 1 and p. 18; *see also* www.clerk.co.escambia.fl.us, Case Number 89-004856).

[6] This was petitioner's characterization.

batteries on the corrections officers for which he was later convicted and sentenced to "the 43 months in prison he eventually became 'Ryced' on after the completion of that sentence. In other words, petitioner's arrest May 26, 1995 for this charge is the fruit and nexus to his current Ryce detainment." (Case No. 3:02cv362, doc. 176, p. 72). This court disagreed, determining that it lacked "in custody" subject matter jurisdiction to review the misdemeanor "conviction."[7] This court went on to deny the habeas petition in its entirety and to enter judgment in favor of respondent. (Case No. 3:02cv362, docs. 197, 205 & 206). Petitioner appealed. On June 7, 2005

---

[7]This court found that in 1996 petitioner pleaded no contest to the harassing telephone call charge, and adjudication of guilt was withheld. (Case Number 3:06cv362/LAC/MD), doc. 197, p. 45). Because petitioner was no longer "in custody" under that charge at the time he filed his § 2254 petition in 2002, federal habeas review was unavailable to him, even by way of a challenge to his Ryce Act commitment:

> Contrary to petitioner's argument, the undersigned finds that he has not shown that the 1996 conviction had any practical effect on his current confinement. The conviction at issue is not mentioned in the petition for commitment. (Doc. 147, Ex. A, Petition). Attached to the petition for commitment are the evaluations of Dr. Hodges and Dr. Benoit. Dr. Hodges' evaluation makes no mention of the arrest or conviction. (Ex. A, Petition, Attach., Hodge Report). Dr. Benoit's evaluation notes the arrest once, as part of a lengthy and detailed recitation of petitioner's criminal history. (*Id.*, Benoit Report, p. 6). Dr. Benoit's report does not discuss the arrest or conviction, nor is there any other indication that Dr. Benoit gave it particular consideration. The arrest and conviction is such a minor component of petitioner's criminal history that there is no question that Dr. Benoit would have drawn the same conclusion concerning petitioner's diagnosis and risk assessment had that arrest been omitted from petitioner's record. *See generally Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 1575-76, 149 L.Ed.2d 608 (2001) (plurality opinion, Part III-C)(lower court finding that habeas petitioner's current sentence had been enhanced by prior 1986 convictions was clearly erroneous where the sentencing judge considered several factors, and the 1986 convictions were only a small part of an extensive and violent criminal record); *Lowery v. Young*, 998 F.2d 1309, 1312 (7th Cir. 1989) (constitutional challenge to enhanced sentence requires showing that there is a "positive and demonstrable nexus" between prior conviction and current custody). As petitioner's 1996 conviction for making harassing telephone calls had no practical effect on his present civil commitment, the court should decline to construe the petition as an attack on petitioner's civil commitment in the context of his 1996 conviction. Federal habeas review of the 1996 conviction is unavailable to petitioner in this proceeding.

(Case Number 3:02cv362/LAC/MD, doc. 197, pp. 45-46). As indicated above, the district court adopted this reasoning, (doc. 205), and the Eleventh Circuit denied petitioner's request for a certificate of appealability (doc. 258).

the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") denied petitioner's motion for certificate of appealability and dismissed his appeal. (Case No. 3:02cv362, doc. 258; *see also Bilal v. Hadi*, Eleventh Circuit Case No. 04-16658-D). Petitioner later applied to the Eleventh Circuit for leave to file a second or successive habeas petition. The Eleventh Circuit denied the application on August 12, 2005. (Case No. 3:02cv362, doc. 266; *see also In re Jamaal Ali Bilal*, Eleventh Circuit Case No. 05-14237-H). Petitioner then filed another application in the Eleventh Circuit requesting leave to file a second or successive habeas petition. The Eleventh Circuit denied the application on March 31, 2006. (Doc. 1, attach.; *see also In re Jamaal Ali Bilal*, Eleventh Circuit Case No. 06-11662-F).[8]

For the reasons outlined in the court's order denying habeas relief in Case Number 3:02cv362, and because it is apparent from the pleadings and records filed in this case that at the time petitioner filed the instant petition he was not "in custody" under the harassing telephone call charge, federal habeas review is unavailable to him, even by way of a challenge to his Ryce Act commitment.

This leads to an additional basis for dismissal of this case. As just discussed, petitioner has already sought and been denied habeas relief on his claim that the misdemeanor proceeding in Case No. 95-18882 was unconstitutional and parlayed into his current civil commitment. The only difference is that now petitioner mentions allegedly excessive bail as the triggering event, rather than arrest for the misdemeanor itself.

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Rule 9, Rules Governing Section 2254 Cases (2005);

---

[8] A review of the Eleventh Circuit's records reveals that since March 31, 2006 petitioner has filed at least two other applications for leave to file a second or successive habeas petition, both of which have been denied.  *See In re Jamaal Ali Bilal*, Eleventh Circuit Case No. 06-14742-J (application denied on September 18, 2006); *In re Jamaal Ali Bilal*, Eleventh Circuit Case No. 06-14086-G (application denied on August 9, 2006).

*Case No: 3:06cv224/LAC/MD*

*Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).  It is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition.  This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.  *See Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002).

When asked on the petition form whether he "previously filed a § 2254 petition, or other pleading regarding the validity of [his] state court confinement, in any federal court," petitioner checked the box marked "Yes."  He referenced his application for leave to file a second or successive petition in Eleventh Circuit Case No. 06-11662-F, stating that in that application he "averred that . . . the current issue was never raised and/or previously denied without prejudice."  (Doc. 1, p. 3).  Petitioner then directed the court to the order issued by the Eleventh Circuit on March 31, 2006, highlighting particular language in that order.  (*Id.*, Attach.).

Review of that order reveals that petitioner sought leave to raise four claims in a second or successive § 2254 petition. (Doc. 1, attach., p. 2).  His first proposed claim was that he was innocent of charges which led to an earlier conviction for sexual battery, and that the nolo plea he made following retrial was predicated on the unavailability of DNA testing at the time.  (*Id.*).  Petitioner's second proposed claim was that "an earlier arrest and conviction for making a harassing phone call was unconstitutional."  (*Id.*).  His third proposed claim was the same claim petitioner raises in the instant § 2254 petition.  (*Id.*).  His last proposed claim was that he should be able to re-litigate claims raised in his earlier habeas proceeding because the district court judge in that case failed to make de novo determinations regarding his objections to the magistrate's report and recommendation, and that failure allowed the State of Florida to commence civil commitment proceedings.  (*Id.*).

The Eleventh Circuit stated, in relevant part, as follows:

> Even if Bilal's present application is liberally construed as seeking to file a separate, successive habeas petition for each of the

Case 3:06-cv-00224-LC-MD   Document 20   Filed 10/06/06   Page 12 of 13

Page 12 of 13

> convictions mentioned above, we find that his application must be denied.
>
> If, in fact, Bilal's prior habeas petition was denied without prejudice, this application for leave to file a second or successive habeas petition is DENIED AS UNNECESSARY. However, assuming that his prior motion was denied with prejudice, the following analysis is applicable.
>
> . . . .
>
> With regard to Bilal's second and third claims, to the extent he is challenging his civil commitment, he is precluded from raising that challenge here if he also raised that claim in an earlier habeas petition. . . .
>
> . . . .
>
> To the extent that Bilal's previously filed habeas petition was denied with prejudice, because Bilal has failed to make a prima facie showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.

(*Id.,* pp. 3 & 4). Petitioner has highlighted the Eleventh Circuit's statement that, "[i]f, in fact, Bilal's prior habeas petition was denied without prejudice, this application for leave to file a second or successive habeas petition is DENIED AS UNNECESSARY." Apparently, petitioner believes this provides authority for this court to review his excessive pretrial bail claim. Petitioner's reliance is misplaced.

To the extent petitioner attacks only the pretrial bail in Case No. 95-18882 and not the validity of his no contest plea to that charge or his present civil commitment, this court still is without jurisdiction to consider the petition ( regardless of whether the claim was ever raised in a prior habeas petition and regardless of whether a prior habeas petition raising the same claim was denied without prejudice) because the case is moot. To the extent petitioner attacks the pretrial bail and contends that it affects the validity of his misdemeanor plea and present civil commitment, his petition is an unauthorized second or successive § 2254 application because petitioner's previous habeas petition challenging the misdemeanor proceeding and civil commitment was <u>denied with prejudice</u>.

## CONCLUSION

This case is moot because the issue presented, petitioner's claim concerning pretrial bail in Escambia County Case No. 95-18882 is no longer "live" and because petitioner no longer has a legally cognizable interest in the result in this case. Furthermore, petitioner cannot, in this habeas proceeding, challenge his no contest plea entered in that case because he was not "in custody" on that offense when he filed his petition. Moreover, construing the petition as an attempt to challenge petitioner's present civil commitment in the context of his harassing telephone call plea in Case Number 95-18882, the petition is an unauthorized second or successive petition.

Accordingly, it is ORDERED:

Petitioner's motion to compel (doc. 15) is DENIED.

And it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 12) be GRANTED.

2. That this § 2254 petition (doc. 1) be DISMISSED WITH PREJUDICE, and the clerk be directed to close the file.

At Pensacola, Florida this 6th day of October, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).